## POLIAKOFF v. PETRY.

### (Supreme Court, Appellate Term. June 1, 1906.)

SALES—PAYMENT OF PRICE—IMPLIED AGREEMENT.

    An agreement to sell personal property for a specified price, in the absence of an agreement to the contrary, implies an agreement by the purchaser to pay the price on delivery.

    [Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 230.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Samuel Poliakoff against John Petry. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Joseph Kleiner, for appellant.
Henry Weismann, for respondent.

CLINCH, J. This action was brought to recover from defendant, first, the selling price of a truck alleged to have been sold by plaintiff to defendant for $100; second, the selling price of another truck alleged to have been sold by plaintiff to defendant for $225, upon which sale defendant paid $10. By his answer defendant alleged: (1) That the agreement between him and plaintiff was that defendant was to build a truck for plaintiff for $295, and was to take truck No. 1 at $100 in part payment, and that plaintiff subsequently canceled the agreement to defendant's damages. (2) He admitted the agreement for the sale of truck No. 2 as alleged in the complaint, and the payment of $10 on account of the purchase money, but denied absolutely that the truck was tendered to him, that payment of the purchase money was demanded, that he refused to receive the truck, and that he refused to pay the purchase money. By his amended answer defendant does not materially change these allegations and admissions, but adds additional matter as defenses to the two causes of action.

In respect to the terms of the agreement to purchase truck No. 1 there is a conflict of evidence; but, in view of the ruling of the trial justice in respect to the agreement for the sale of truck No. 2, it is not necessary to consider this conflicting evidence or the judgment of the trial court in respect thereto. The agreement for the sale of truck No. 2 was made at a time when plaintiff and defendant and one Michael Kleiner alone were present. It is admitted by the answer that the agreement to sell and purchase for $225 was made on or about October 5, 1905, and that the defendant paid on account $10, and it was also conceded on the

trial that the truck was to be delivered on the following morning to a representative of defendant, who was to be sent for it. The plaintiff and Kleiner agree that the remainder of the purchase money was to be paid to either one or the other on the delivery of the truck and that the sale was a cash transaction. Defendant testified he was to pay the remainder of the purchase money in three or four weeks. He does not so allege in his amended answer. Plaintiff and Kleiner also agree that plaintiff told defendant that plaintiff had an offer of $240 for the truck, payable on time, and that he could not accept the offer because he wanted cash. This is not denied by defendant, whose version of the agreement does not differ from that of plaintiff and Kleiner, except in respect to the terms of payment. The question put to defendant by his counsel was leading, and assumed that defendant had given testimony not found in the return, and plaintiff's objection to the question should have been sustained. The answer, however, does not materially affect the version of the agreement previously given by defendant, plaintiff, and Kleiner. Defendant sent his son for the truck on the morning following the payment of the $10. The son says he presented his father's business card to the watchman at the place where the truck was, and asked for the truck, and that the watchman refused to deliver the truck without an order from the plaintiff; that the son thereupon went to plaintiff's residence; that plaintiff was not at home, and that he saw Kleiner, who requested him to make out an "order" for the truck and to take the latter, and that he (the son) refused to do so; and that he would have taken the truck, had not Kleiner requested him to give an "order" for it. The son admitted he had no part of the purchase money with him when he called for the truck. Kleiner says that, when the son called for the truck, he (Kleiner) asked him whether he had the money for it, and that the son said he had not, and that thereupon Kleiner offered to give him the truck if he would give a receipt for it.

As the truck was not paid for, it was not unreasonable for Kleiner to ask for a receipt for the truck, to show a delivery to a representative of defendant. The son does not deny that there was such a conversation between him and Kleiner as the latter testified to. The situation thus shown by the pleadings and testimony entitled the plaintiff to recover the remainder of the purchase money for truck No. 2, to wit, $215. The complaint alleges an agreement to sell for $225. This implies an agreement by the purchaser to pay the purchase money on the delivery of the article sold. No time agreement is presumed. None is alleged by the amended answer. No motion to amend the amended answer was made. In his disposition of the case the trial justice seems to have regarded as rescinded by plaintiff the contract to sell truck No. 2 to defendant. The trial justice gave judgment to defendant for $125 damages, besides costs. How he figured the damage does not appear. By his brief defendant's counsel claims the damage was the loss of profits on the agreement to build a truck for plaintiff, $160, less the value of the material on hand, $30, and of truck No. 1, $100, leaving a balance of $30.

It is not necessary to consider the exceptions of plaintiff.

The judgment should be reversed, and a new trial ordered, with costs to plaintiff to abide the event. All concur.